IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| In Re: ) | |
| ) | CASE NUMBER |
| EUGENE SULLIVAN, ) | 10-04384 |
| ) | |
|    Debtor. ) | |
| _____) | |
| ) | |
| CLYDE BERGEMANN, INC., a Delaware ) | ADV. PROC. NO. 10-00094 |
| corporation, dba Anthony-Ross Company, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
|    v. ) | |
| ) | |
| EUGENE SULLIVAN, ) | |
| ) | |
|    Defendant. ) | |
| _____) | |

ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Eugene Sullivan, responds to plaintiff's complaint in the above captioned adversary proceeding as follows[1]:

1.    Admit that this is a core proceeding. To the extent the second sentence of paragraph 1 states a legal conclusion, no response is required.

2.    Defendant lacks knowledge or information sufficient to form a belief regarding paragraph 2.

---

[1] Defendant's numbered paragraphs correspond to the numbers in plaintiff's complaint.

3. Admit.

4. Paragraph 4 states a legal conclusion that requires no response.

5. Admit.

6. Admit.

7. Admit.

8. Admit that the arbitrator issued an interim memorandum of decision on March 15, 2010, a supplemental memorandum of decision and an arbitration award on July 15, 2010, and a number of other correspondence during the course of the arbitration between plaintiff and defendant Eugene Sullivan, Daniel Higgins, and Clay Brion III (the "defendants") and that each document speaks for itself.

9. Admit that the arbitrator issued an interim memorandum of decision on March 15, 2010, a supplemental memorandum of decision and an arbitration award on July 15, 2010, and a number of other correspondence during the course of the arbitration between plaintiff and defendants and that each document speaks for itself.

10. Admit that the arbitrator issued an interim memorandum of decision on March 15, 2010, a supplemental memorandum of decision and an arbitration award on July 15, 2010, and a number of other correspondence during the course of the arbitration between plaintiff and the defendants and that each document speaks for itself.

11. Admit.

12. Admit.

13. Admit.

14. Defendant re-alleges the answers as stated in paragraphs 1 through 13 above.

15. Deny.

16. Paragraph 16 states a legal conclusion that requires no response. To the extent that paragraph 16 may require a response, defendant denies.

17. Defendant re-alleges the answers as stated in paragraphs 1 through 13 above.

18. Deny.

19. Paragraph 19 states a legal conclusion that requires no response. To the extent that paragraph 19 may require a response, defendant denies.

20. Defendant re-alleges the answers as stated in paragraphs 1 through 13 above.

21. Admit the allegations of paragraph 21 to the extent that the arbitrator issued an arbitration award on July 15, 2010, and that the document speaks for itself, but deny any remaining allegations.

22. Paragraph 22 states a legal conclusion that requires no response. To the extent that paragraph 22 requires a response, defendant denies.

23. Paragraph 23 states a legal conclusion that requires no response. To the extent that paragraph 23 requires a response, defendant denies.

24. Paragraph 24 states a legal conclusion that requires no response. To the extent that paragraph 24 requires a response, defendant denies.

25. Paragraph 25 states a legal conclusion that requires no response. To the extent that paragraph 25 requires a response, defendant denies.

26. Defendant denies each allegation in plaintiff's complaint that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
(Failure to State a Claim)

27. Plaintiff has failed to state a claim for which relief can be granted.

### Second Affirmative Defense
(Manifest Disregard of the Law)

28. The arbitrator recognized applicable law but ignored it in finding against the defendants and awarding relief to plaintiff.

### Third Affirmative Defense
(Abuse of Authority)

29. The arbitrator ignored undisputed evidence to the contrary in finding that the defendants misappropriated or used plaintiff's trade secrets or confidential information.

### Fourth Affirmative Defense
(Failure to Hear Evidence)

30. The arbitrator refused to hear evidence relevant to plaintiff's changed request for injunctive relief and, therefore, failed to make a complete record.

### Fifth Affirmative Defense
(Arbitrator's Findings of Fact)

31. The arbitrator expressly refused to make findings of fact relating to dischargeability under the Bankruptcy Code.

32. However, the arbitrator did find that the defendants, "as working men, were motivated to a large degree by personality and business differences with Mr. Garton [ARC's CEO at the time]" and although "liable for their poor judgment" the defendants' "conduct was not so egregious as to justify the imposition of punitive damages." Interim Memorandum, p. 6.

## Sixth Affirmative Defense

(Public Policy/Restraint of Trade - Unclean Hands)

33. Sullivan did not have any non-compete agreement with plaintiff.

34. The defendants were plaintiff's most productive and profitable employees during their final two years.

35. The defendants were instrumental in plaintiff's substantial increase in gross revenue during their last year as plaintiff's employees.

36. The defendants were also instrumental in developing and patenting equipment and processes which are crucial to plaintiff's success.

37. Upon learning that defendants were leaving and might compete with ARC, ARC's president stated emphatically that he would "crush" the defendants if they dared to quit and compete with ARC.

38. Plaintiff has spent over $1 million in legal fees and costs, not including an estimated equivalent amount in lost productivity and internal costs, in its efforts to crush defendants.

39. Plaintiff has no interest or need to collect money from the defendants, but instead is attempting to eliminate competition and restrain defendants from continuing to develop new and improved equipment and processes for application in the pulp & paper industry.

WHEREFORE, defendant requests an order from this court:

(1) Finding that defendant's debt to plaintiff is dischargeable in defendant's chapter 7 bankruptcy proceeding; and

(2) Dismissing plaintiff's claims with prejudice.

Respectfully submitted,

/s/ Terrie S. Owens
TERRIE S. OWENS
Alabama Bar No. OWE031
P.O. Box 3123
Mobile, AL 36652-3123
Telephone: (251) 433-3657
Fax: (251) 433-3670
Email: towens@irvingrodskypc.com
*Local Counsel for Defendant Eugene Sullivan*

/s/ S. Ward Greene
STEPHEN WARD GREENE
Greene & Markley, P.C.
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 295-2668
Facsimile: (503) 224-8434
Email: ward.greene@greenemarkley.com
*Co-Counsel for Defendant Eugene Sullivan*

## CERTIFICATE OF SERVICE

On this 4th day of November, 2010, I hereby certify that the above and foregoing document has been served on all parties on the Court's electronic mailing list.

/s/ Terrie S. Owens
TERRIE S. OWENS

\6443\006\P Answer, (Sullivan).wpd